UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EMMY BACKUSY, | § | |
|---|---|---|
| TDCJ No. 02166343, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-2913-B-(BN) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Emmy Backusy filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 3. On March 25, 2021, the United States Magistrate Judge issued his Findings, Conclusions, and Recommendation ("FCR"), recommending that the Court deny habeas relief. Doc. 22. Backusy filed objections. Doc. 23. The Court has reviewed the FCR, *de novo*, and, finding, no error, **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. The Court responds briefly to Backusy's specific objections below.

The Magistrate Judge determined that Backusy's Due Process use-of-perjured testimony and suppression-of-evidence claims, as presented to this Court, were procedurally defaulted because those claims, to the extent they were presented to the Texas Court of Criminal Appeals (CCA) at all, relied upon a different factual predicate than that presented here. In response, Backusy notes that he was not required to use special or "talismanic" language to exhaust his claims before the State court. *See* Doc. 23 at 3; *Pendergast v. Clements*, 699 F.3d 1182, 1184 (10th Cir. 2012) ("A petitioner need not invoke 'talismanic language' or cite 'book and verse on the federal constitution.'"); (quoting *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989) (internal quotations omitted)). This is true,

but a petitioner must fairly present the substance of the claim to the state court. "The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Here, the Magistrate Judge found that Backusy failed to fairly present these claims to the CCA, and nothing in Backusy's objections convinces the Court to disturb that finding. He does not specify where or how these claims were exhausted before the CCA. Thus, to the extent that Backusy objects to the Magistrate Judge's finding that his Due Process claims are procedurally defaulted, his objection is overruled.

Next, Backusy objects to the Magistrate Judge's statement that, for purposes of § 2254 review, a state court's factual findings are presumed to be correct. Doc. 23 at 4. But this is an accurate statement of the law. *See Pondexter v. Dretke*, 346 F.3d 142, 146 (5th Cir. 2003). Backusy's objection on this issue is meritless and overruled.

Next, Backusy appears to argue that the State engaged in misconduct by failing to provide him with "a copy of his trial transcript, as ordered by this court." Doc. 23 at 4. This Court, however, did not require the State to provide the entire trial transcript to Backusy, only those portions of it that the State relied upon in its answer and brief. *See* Doc. 6. The State has confirmed that it indeed provided Backusy with that appendix. *See* Doc. 27. Backusy points to no law entitling him to anything else. "The Constitution does not require the state to provide a habeas petitioner a free copy of his trial transcript for the purpose of searching for possible errors 'merely because he is indigent.'" *Richardson v. Quarterman*, Civil Action No. H-08-1612, 2008 WL 5056724, at *5 (S.D. Tex. Nov. 20, 2008) (quoting *Bonner v. Henderson*, 517 F.2d 135, 135 (5th Cir. 1975) (further citations omitted)). Backusy's objection related to his trial transcript is overruled.

Next, Backusy objects to the Magistrate Judge's analysis of his ineffective assistance of counsel ("IAC") claims. But, upon a *de novo* review, the Court finds no error. Backusy claims that his counsel was ineffective for not investigating the victim's medical records from the Reach Clinic at Children's Medical Center in Dallas (which showed no signs of trauma, injury, or infection) and then comparing those to the testimony of Nurse Practitioner Carmen White, who testified that she did observe damage. *See* Doc. 23 at 5. But Backusy fails to show what a further investigation would have shown. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Backusy failed to make that showing here as to the Reach Medical Clinic Records, so the state habeas court's rejection of this claim was not an unreasonable application of the *Strickland v. Washington*, 466 U.S. 668 (1984) standard. *See Mejia v. Davis*, 906 F.3d 307, 315 (5th Cir. 2018) (noting that "when a federal court reviews a *Strickland* claim under § 2254, 'the question is not whether counsel's actions were reasonable,' but 'whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'") (quoting *Harrington v. Richter*, 562 U.S. 101, 105 (2011)).

So too as to Backusy's claim that his counsel was ineffective for failing to investigate the victim's mother's letter to the trial court, in which she at one point urged the State to drop the charges. *See* Doc. 23 at 5-6. Backusy's counsel tried to examine the victim's mother on this issue, but the trial court ruled that the testimony was inadmissible. Doc. 18-7 at 93. Backusy fails to demonstrate what his counsel should have done differently or what further investigation would have shown. Backusy's objections to the failure-to-investigate IAC claims analysis are overruled.

Backusy also objects to the Magistrate Judge's determination that his counsel was not

ineffective for failing to object to certain jury instructions. Doc. 23 at 6. Backusy appears to be referencing the following jury instruction that the state trial court used: "It is not required that the prosecution prove guilt beyond all possible doubt; it is only required that the prosecution's proof excludes all reasonable doubt concerning the defendant's guilt." As the Magistrate Judge correctly noted though, courts have held that this jury instruction does not violate the Constitution, as it does not lessen the State's burden of proof. *See Pryor v. Quarterman*, Civil Action No. 3:05-cv-2102-G, 2006 WL 363467, at *4 (N.D. Tex. Dec. 13, 2006) (finding that identical language did not violate constitution); *Horton v. Director, TDJC-CID*, Civil Action No. 4:08-cv-380, 2011 WL 5433998, at *12 (E.D. Tex. Oct. 11, 2011) (same). The Magistrate Judge correctly determined that Backusy's failure-to-object-to-jury instructions IAC claim lacked merit; Backusy's objection to the contrary is overruled.

Backusy also claims that his counsel was ineffective for failing to hire an expert to contest testimony from a State witness that the victim's injuries healed within 72 hours. *See* Doc. 23 at 7. Backusy asserts that this expert was "already granted by the court" and was "available." *Id.* at 7. The Court agrees with the Magistrate Judge that this IAC claim is too conclusory to support relief. To prevail on such a claim, a petitioner must show that the witnesses's testimony would have been favorable and that the witness would have testified. *See Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). The petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citations omitted). As the Magistrate Judge correctly concluded, Backusy falls short of that mark. Backusy presents no proof of who this alleged expert witness was, much less

4

that he or she would have testified. Backusy's objection related to the failure-to-call-expert witness IAC claim is overruled.

Next, Backusy objects to the Magistrate Judge's finding that his rights under the Confrontation Clause were not violated. Doc. 23 at 7. But upon *de novo* review, the Court finds no error. Backusy claims that he was not able to cross examine the victim's mother, but the trial transcript undermines this claim. *See* Doc. 18-7 at 93-114. Backusy also claims that the State also offered testimony through an "unauthored report." Doc. 23 at 7. But Backusy does not elaborate on the statements in this unauthored report. The Confrontation Clause "applies to 'witnesses' against the accused—in other words, those who 'bear testimony.'" *Crawford v. Washington*, 541 U.S. 36, 51 (2004) (citation omitted). "'Testimony,' in turn, is typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact...'" *Id.* (citation omitted). The Confrontation Clause only applies to testimonial statements. *See U.S. v. Polidore*, 690 F.3d 705, 711 (5th Cir. 2012). Here, though, Backusy never specifies what out-of-court statement is at issue, so the Court is unable to determine whether the Confrontation Clause is applicable to the same.

Finally, Backusy argues that his Confrontation Clause rights were violated by the trial court's designation of an outcry witness and also by the State's alleged failure to disclose two witnesses: Diomede Mushumba and Chikwanda Chissanga. Doc. 23 at 7-8. As the Magistrate Judge determined however, Backusy' disagreement with the outcry witness is a trial-record based claim predicated upon a violation of state law—not Backusy's rights under the Confrontation Clause. And Backusy fails to explain how the allegedly undisclosed nature of two State witnesses violates his Confrontation Clause rights. Backusy was able to cross examine Mushamba. *See* Doc. 18-8 at 23. As for Chissanga, Backusy called this witness, an investigator with Child Protective Services, who testified that the victim

denied that Backusy sexually abused her. *See* Doc. 18-8 at 63-64. It appears then, that Chissanga was not a witness adverse to Backusy, and the Confrontation Clause does not apply. *See United States v. Olguin*, 643 F.3d 384, 392 (5th Cir. 2011) ("The Sixth Amendment guarantees the right to confrontation against a party testifying against him, not against others."). Thus, the Magistrate Judge correctly concluded that the state court's resolution of this issue did not result in (1) a decision that was contrary to, or that involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). Backusy's objections regarding the Magistrate Judge's Confrontation Clause analysis are overruled.

Next, Backusy attacks the Magistrate Judge's disposal of his speedy-trial claim. Doc. 23 at 8. But, upon *de novo* review, the Court agrees with the Magistrate Judge's analysis and finds that Backusy has not shown entitlement to a writ of habeas corpus on his speedy-trial claim. Backusy also includes an argument, raised for the first time in his objections, that his counsel was ineffective for waiting so long to assert his right to a speedy trial. However, Backusy failed to exhaust this claim before the CCA and may not raise it for the first time here. Further, Backusy would be precluded from raising this claim before the CCA for the first time now by Texas' abuse-of-the-writ doctrine. *See Nobles,* 127 F.3d at 422. A federal habeas court may grant relief on an unexhausted or procedurally defaulted claim only if the petitioner demonstrates cause for the default and actual prejudice arising from the default—or shows the failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991); *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Backusy fails to make that showing here, and his

objections related to the speedy-trial claim are overruled.

In sum, upon *de novo* review, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. Backusy has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

But, if Backusy does file a notice of appeal, he must either pay the appellate filing fee of $505.00 or move for leave to proceed *in forma pauperis* on appeal.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

SO ORDERED.

DATED: April 30, 2021.

                                                        _____
                                                        JANE J. BOYLE
                                                        UNITED STATES DISTRICT JUDGE